UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND LEE HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV230 CEJ |
| | ) | |
| ALEX NOEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 7078), an inmate at the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Because plaintiff has no money in his inmate account statement, the Court will grant plaintiff in forma pauperis status and will not assess a filing fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are members of the mental health staff at the St. Louis City Justice Center, including Alex Noel, Mark Bolin and Misty Clemons. Also named as defendants are Gene Stubblefield, the Commissioner of Corrections and Leonard Edwards, the Detention Center Superintendent.

Plaintiff alleges that defendant Clemons erroneously documented that plaintiff had made more than twenty-seven suicide attempts, and that she and defendants Noel and Bolin used this erroneous information to justify plaintiff's continued placement on crisis watch. Plaintiff does not dispute that he has tried to commit suicide on numerous occasions during his incarceration and that he also suffers from depression. He merely complains that due to his placement on crisis watch, the items he is allowed to keep in his cell are limited and he has little to no privacy. Plaintiff additionally claims that correctional officers not named as defendants in this action have disclosed his HIV-positive status to other correctional officers and/or inmates. Lastly, plaintiff complains that defendants Edwards and Stubblefield denied his grievance appeals and confirmed his placement on crisis watch.

Plaintiff seeks both monetary and injunctive relief for defendant's alleged unlawful behavior.

## Discussion

Plaintiff's claims against defendants are subject to dismissal. Governmental officials may be sued under § 1983 in their official capacity, individual capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999). In a § 1983 action, the general rule in the Eighth Circuit is that the plaintiff must clearly indicate whether he or she is suing the defendants in their official capacities or individual capacities. Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir.1989). When a plaintiff does not articulate the capacity in which he or she intends to sue the defendants, case law directs the district court to presume that the defendants are being sued only as government officials. Baker v. Chisom, 501 F.3d 920, 923 (8th Cir.2007); Artis v. Francis Howell N. Ban Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir.1995).

In this case, plaintiff's complaint is silent as to whether defendants are being sued in their official or individual capacities, thus, the Court must assume that plaintiff is bringing this action against the City of St. Louis, the government entity that employs the officials. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any

allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.[1]

Even if plaintiff were suing the defendants in their individual capacity, dismissal of the complaint would still be warranted. Plaintiff's allegations that he is being deprived of privacy and personal belongings while on suicide watch fail to state a deprivation of a constitutional right, as they do not indicate that plaintiff was subjected to an atypical or significant hardship. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Additionally, in the Eighth Circuit, there is not yet recognized a clearly established right to privacy in a person's HIV status. See, e.g., Tokar v. Armontrout, 97 F.3d 1078, 1084 (8th Cir.1996) (affirming a grant of qualified immunity to prison officials who disclosed a prisoner's HIV status in holding that there was no clearly established constitutional right to nondisclosure of HIV status); see also, Bailey v. County of Kittson, 2008 WL 906349, *7 (D.Minn. March 31, 2008) (recognizing the lack of clearly established law in the Eighth Circuit); Doe v. Wigginton, 21 F.3d 733, 740 (6th Cir.1994) (holding that sergeant's disclosure of inmate's HIV infection did not

---

[1]Plaintiff's claims against defendants Stubblefield and Edwards are additionally subject to dismissal as they rest on the theory of respondeat superior. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

violate the Constitution because "the Constitution does not encompass a general right to nondisclosure of private information").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall not be required to pay a filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of March, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE